IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MONICA KENEALY,

                                                        Plaintiff,                                OPINION AND ORDER

v.

                                                                                              15-cv-85-wmc

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                                                        Defendant.

---

      Pursuant to 42 U.S.C. § 405(g), plaintiff Monica Kenealy seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, denying her application for Social Security Disability Insurance Benefits. On September 8, 2016, the court heard oral argument on Kenealy's contentions that: (1) the administrative law judge ("ALJ") failed to give proper weight to manipulative limitations assessed by examining physician Dr. Hongjing Tan; and (2) the ALJ made an improper credibility finding with respect to Kenealy's reports of pain and fatigue. For the reasons provided below, the court will remand for further consideration of Dr. Tan's opinion and its effect on Kenealy's residual functional capacity ("RFC"). While the ALJ's failure to explain his credibility determination fully may not constitute reversible error on its own, the ALJ should further to explain his reasoning on remand, specifically identifying which portions of the record fail to support Kenealy's subjective complaints.

BACKGROUND

      Kenealy claims a disability onset date of August 27, 2010, because of multiple sclerosis (MS) and depression. The medical record reflects that Kenealy's MS remained relatively benign from 1996 to August 2010, when she suffered a relapse that caused her

significant fatigue, as well as numbness and pain in her hands and feet. Because Kenealy's symptoms made it difficult for her to do simple activities that required dexterity and the use of her hands, such as typing, she ended her part-time work as a secretary at this time. (AR 267-68, 274, 277.) On August 18, 2010, Kenealy's treating neurologist, Dr. Christopher Bixler, prescribed intravenous injections and pain medication. (AR 277.) Although Kenealy continued to have pain in her upper extremities (and some side effects from her medications), she did not suffer another MS relapse until April of 2011, which increased both pain in her left arm and weakness and numbness in her left arm and leg. (AR 338-41, 360-61.)

On February 22, 2012, Dr. Bixler wrote a letter on Kenealy's behalf, explaining that she suffers episodes of neurologic dysfunction that are transient with some improvement in her symptoms after the episodes. He further explained that people with relapsing MS often suffer permanent neurologic injury. Dr. Bixler stated that Kenealy also suffered from fatigue, a common side effect of MS that may cause people to limit their work hours. (AR 366.) In March and September 2012, Kenealy reported continued neuropathic discomfort and pain in her hands and feet, but no further relapses until late February 2013. (AR 434-36, 440.)

On February 27, 2013, Dr. Bixler noted that Kenealy had suffered a relapse that caused weakness in her left arm and leg, as well as pain in her feet for which he prescribed medication. At that time, Kenealy's physical examination was otherwise normal. (AR 367-68.) On March 6, 2013, Kenealy called Dr. Bixler to report that the prescribed medication did not help, her right leg was numb and tingling, her left side felt heavy, and she was having a hard time walking. (AR 448.) On May 15, 2013, Kenealy

2

told a physician assistant that her MS was generally bothering her more with increased hand pain and tingling in her fingers.  (AR 420.)

Critical to one of Kenealy's challenges here is Dr. Tan's March 26, 2013, consultative examination.  (AR 372.)  Despite noting that the exam was "unremarkable" and showed no neurological deficit, Tan prescribed limitations on Kenealy's activities: lifting/carrying up to 50 pounds occasionally and 20 pounds frequently; sitting for a total of 8 hours a day; standing/walking for up to two hours a day; occasional fingering and feeling with her hands; frequent balancing; and occasional climbing of stairs, ramps, ladders, and scaffolds.  Tan further noted that "occasional" meant very little to one-third of the time.  (AR 373-76.)

The ALJ initially held a hearing on February 2, 2012 (AR 127-61), issuing a decision on March 1, 2012, that found Kenealy not disabled.  On February 7, 2013, the Appeals Council granted Kenealy's request for review and remanded the case for reconsideration of Dr. Bixler's treating source opinion.  (AR 176-77.)  At a second hearing held on August 1, 2013, Kenealy and a vocational expert testified.  (AR 113-26.)  On October 28, 2013, the ALJ issued a second decision again finding Kenealy not disabled, but noted that she was severely impaired by "relapsing-remitting multiple sclerosis."  (AR 16.)

Specifically, the ALJ determined that despite her impairment, Kenealy had an RFC sufficient to perform sedentary work limited by no continuous forceful gripping or grasping to account for her upper extremity numbness and weakness.  (AR 18.)  In reaching this conclusion, the ALJ expressly discounted Kenealy's statements concerning the intensity and limiting effects of her pain and fatigue, providing as support his

summary of portions of the medical record, emphasizing the sporadic nature of her symptoms, which for the most part resolved after each relapse. (AR 19-21.)

In his treatment of the medical opinions, the ALJ placed great weight on Dr. Tan's "exertional limitations in the sedentary to light range with manipulative limitations secondary to the claimant's history of MS and upper extremity neuropathy," while giving little weight to Tan's recommended limitations on postural, standing, and walking because they were not supported by medical records. (AR 21.) The ALJ gave Dr. Bixler's 2012 letter great weight to the extent that it documented Kenealy's MS and transient episodes of neurological dysfunction, but the ALJ found significant the fact that Bixler did not state any opinion on the extent of Kenealy's neurological damage and fatigue or their effect on her ability to work. (AR 23.) On balance, therefore, the ALJ found that Kenealy was capable of performing her past work as a secretary. (AR 23-24.)

## OPINION

### I. Treatment of Dr. Tan's Opinion

As noted above, Kenealy raises two core challenges to the Commissioner's finding of non-disability. The court begins with the manipulative limitations assessed by Dr. Tan because that is the stronger of the grounds for remand. In particular, the ALJ's findings with respect to Dr. Tan's consultative opinion are not well-explained and seemingly inconsistent. Although the ALJ states that he gave great weight to Dr. Tan's manipulative limitations, secondary to Kenealy's MS and neuropathy, he did *not* adopt the occasional fingering and feeling limitation found by Dr. Tan. Without any explanation or apparent support, the ALJ also included a limitation of "no continuous

4

grasping or gripping" in the RFC. It is not only unclear how the ALJ came to these conclusions, but his finding that Kenealy's grasping and gripping were worse than her fingering and feeling appears to be internally inconsistent.

During oral argument, the Commissioner's counsel attempted to justify the ALJ's RFC assessment by pointing to treatment notes from 2009 and 2010 that show "normal" findings and only occasional flare ups. Even though the ALJ summarized these same notes in his opinion in the context of discussing Kenealy's credibility, he nowhere explains how they contradicted the fingering and feeling limitations that Dr. Tan assessed three to four years later. In fact, the ALJ makes no statements about Kenealy's manipulative limitations at all and even seems to credit evidence in the record, including Dr. Bixler's letter, that with each relapse, she loses more function. Finally, and again contrary to the Commissioner's assertion, both Drs. Tan and Bixler found that Kenealy had problems with the use of her fingers and hands, including typing, even between relapses.

By failing to support his findings with substantial evidence in the record, the current record supports a finding that the ALJ was inappropriately "playing doctor" in arriving at his final RFC assessment. *Rohan v. Chater*, 98 F.3d 966, 970–71 (7th Cir. 1996) (ALJ may not substitute his own opinion for that of physician or make judgments not substantiated by objective medical evidence). Because the ALJ's error as to Kenealy's fingering and feeling could directly affect her work as a secretary -- the *only* work that the ALJ identified that Kenealy could perform -- remand is warranted for further review and analysis on this basis alone.

## II. Credibility Determination

In finding Kenealy's subjective complaints of pain and fatigue not entirely credible, the ALJ summarizes her medical records, stressing that there were significant gaps between her MS relapses during which her symptoms improved. Kenealy faults the ALJ for merely reciting the records, without explaining why he finds them to be inconsistent with her subjective complaints, something that is not entirely obvious on its face. Moreover, although it seems clear that the ALJ believed the sporadic and limited duration of Kenealy's relapses did not support her allegations of consistent pain and fatigue, he similarly fails to explain his reasoning as to why. It is also unclear from the ALJ's decision whether he considered evidence in the record that Kenealy's overall condition progressively deteriorated with each relapse, preventing her from returning to a full level of functioning. Finally, the ALJ does not address any of the other regulatory factors related to credibility, including any medication side effects she may have suffered, the extent of her daily activities, and the length and duration of her treatment. 20 C.F.R. § 404.1529(c); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

Because the case is being remanded on another ground, it is not necessary to decide whether the ALJ's credibility analysis was "patently wrong." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010) (credibility determination will be upheld unless it is patently wrong). On remand, however, the ALJ should explain his reasoning further, including a discussion of all of the relevant regulatory factors.

ORDER

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Monica Kenealy's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 9th day of February, 2017.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge